UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| TRAVIS J. WOODS, ) | |
| ) | |
| v. ) | 1:10-cv-324 |
| ) | *Chief Judge Curtis L. Collier* |
| DAVID OSBORNE, WARDEN ) | |

## MEMORANDUM

Petitioner Travis J. Woods ("Petitioner"), a prisoner confined at Morgan County Correctional Complex in Wartburg, Tennessee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 1). Petitioner seeks review of his 2001 state convictions for attempted first degree murder, aggravated assault, reckless endangerment. *State v. Travis Woods*, 2003 WL 21663682 (Tenn. Crim.App. July 16, 2003), *perm. app. denied,* (Dec. 8, 2003) (Court File No. 9, Appendix A). Presently before the Court is respondent's motion to dismiss Petitioner's § 2254 petition as untimely (Court File No. 8).

After reviewing the record and the applicable law, the Court will **GRANT** Respondent's motion to dismiss (Court File No. 8), **DISMISS** Petitioner's § 2254 petition as time-barred (Court File No. 1), and **DENY** Petitioner's motion for appointment of counsel (Court File No. 10).

**I.  Procedural History**

In 2001 Petitioner was convicted by a jury of attempted first degree murder, aggravated assault, and reckless endangerment and received an effective sentence of forty-three years. *See State v. Woods*, 2003 WL 21663682 at \*1 (Court File No. 9, Appendix A). The Court of Criminal Appeals of Tennessee affirmed the convictions on July 16, 2001, and the Tennessee Supreme Court denied permission to appeal on December 8, 2003. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court on direct review.

Petitioner subsequently pursued state post conviction relief. Petitioner's state post conviction petition was denied after a hearing, and that decision was upheld by the Tennessee Court of Criminal Appeals. *Woods v. State*, 2009 WL 723522 (Tenn. Crim. App. March 18, 2009), *perm. app. denied*, (Aug. 17, 2009) (Court File No. 9, Appendix C). Petitioner filed this habeas petition on November 29, 2010.

## II. Statute of Limitations

State prisoners seeking relief under 28 U.S.C. § 2254 must satisfy specific and precise procedural standards. Among these procedural prerequisites is a requirement that petitioners timely file motions seeking habeas corpus relief. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of habeas petitions by state prisoners. *See* Title 28 U.S.C. § 2244.

In this case, Petitioner's judgment of conviction became final on March 8, 2004–ninety days after December 8, 2003, when the Tennessee Supreme Court denied permission to appeal. *See Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000) (finding the one year statute of limitations began to run at the expiration of the time for filing a petition for a writ of certiorari in the United States Supreme Court on direct review). Thus, in this case the one year statute of limitations began to run on March 9, 2004–the day after the expiration of the ninety day period for filing a petition for a writ of certiorari in the United States Supreme Court on direct review. After the passage of 253 days, the statue of limitations was tolled on November 16, 2004, when Petitioner filed his state post conviction petition (Court File No. 9, Appendix B). The filing of a petition for state collateral relief tolls the running of the statute of limitations and the time during which such a petition is pending shall not be counted. 28 U.S.C. § 2244(d)(2); *Isham v. Randle*, 226 F.3d 691 (6th Cir. 2000), *cert.*

2

*denied*, 531 U.S. 1201 (2001). Therefore, the limitations period resumed on August 18, 2009, upon the Tennessee Supreme Court's denial of permission to appeal on August 17, 2009. Two hundred and fifty-three (253) days had already run on the one year statute of limitations, when the statute resumed running on August 18, 2009. Therefore, Petitioner was required to file his petition within one hundred and twelve (112) days from August 17, 2009, or no later than December 7, 2009.[1]

After the Tennessee Supreme Court denied Petitioner's application to appeal the denial of his state post-conviction petition on August 17, 2009, Petitioner waited more than one year, i.e., four hundred and sixty-nine days (469), before filing the instant petition for federal habeas corpus relief on November 29, 2010. In determining the timeliness of the federal habeas petition, the Court adds the two hundred and fifty-three (253) days that lapsed between the completion of direct review and Petitioner filing his state post conviction petition, to the four hundred and sixty-nine (469) days that lapsed from the completion of the state post conviction appeals and filing the instant habeas petition, and concludes the instant habeas petition was filed 357 days late. *See* 28 U.S.C. § 2244(d)(1)(A). Since Petitioner's § 2254 petition was filed on November 29, 2010, and the one year statute of limitation expired on December 7, 2009, it is time-barred.

Petitioner, however, argues that his limitations period should be tolled because his counsel

---

[1] Respondent used the date on which the Tennessee Supreme Court issued its mandate closing the post conviction proceedings to calculate the expiration of the statute of limitations. The Tennessee Court of Criminal Appeals has explained that "[t]he post-conviction statute makes it clear that the statute of limitations begins to run on the date that the final action is taken by the highest appellate court to which an appeal has been taken . . . [and that] [t]his court has consistently held that the final action of the supreme court is the date of the filing of either the court's opinion or denial of application for permission to appeal." *Pinchon v. State*, 2004 WL 193055, *4 (Tenn. Crim. App. Jan. 28, 2004) (citations omitted). Similarly, the federal habeas statute specifies the time is tolled while a state post conviction petition "is pending[.]" 28 U.S.C. § 2244(d)(2). Therefore, the Court used the date upon which the Tennessee Supreme Court denied permission to appeal the post conviction decision rather than the date that court issued its mandate closing the case.

3

failed to timely inform him of the Tennessee Supreme Court's denial of his application to review his state post conviction proceedings. The Supreme Court has "previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Thus, equitable tolling due to attorney error is only available in "extraordinary circumstances." *Id*.

Under the circumstances of this case, where counsel failed to keep track of Petitioner's state appeal and timely notify him of the outcome, and Petitioner waited more than a year before inquiring of the status of his case, it appears such conduct amounts to a garden variety claim of attorney negligence rather than one of "extraordinary circumstances." *Id.* at 2564. In *Holland*, the district court rested its ruling on a lack of diligence. The Supreme Court, stating it thought the lower court's conclusion was incorrect, remanded the case because Holland had written counsel numerous letters seeking crucial information and providing direction and repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have counsel removed from his case since he was the central impediment to the pursuit of his legal remedy. In addition, the day Holland discovered the one year statute of limitation had expired due to counsel's failings, he prepared his own habeas petition and promptly filed it. *Id.* at 2565.

In the instant case, Petitioner inquired of counsel on August 3, 2010, of the status of his appeal which was filed on May 15, 2009. Although counsel wrote Petitioner a letter saying he did not receive notice of the denial, the Chief Clerk of the Tennessee Supreme Court wrote Petitioner a letter stating a copy of the Order was mailed to counsel on August 17, 2009 (Court File No. 1-4).

4

Nevertheless, the Court's research has not revealed a case that indicates an attorney's failure to notify a client about the denial of an appeal, alone, amounts to egregious behavior and creates an extraordinary circumstance. Notably, there is no constitutional right to an attorney in state post conviction proceedings, thus state post conviction counsel's negligence is not *generally* a basis for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel") (emphasis added).[2] Although a substantial delay in notifying a petitioner about the status of his appeal may amount to extraordinary circumstances, the Sixth Circuit recently reiterated that "the statute of limitations may only be tolled where the circumstances are both beyond the petitioner's control and unavoidable even with due diligence." *Robinson v. Easterling*, 2011 WL 1977272, *3 (6th Cir., May 20, 2011).

---

[2] The Court's research revealed that some "circuits have held that egregious attorney misconduct may constitute extraordinary circumstances that justify equitable tolling." *Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (citing *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (concluding habeas counsel's affirmative misrepresentations, failure to communicate with habeas client, and failure to return client's papers constitute egregious misconduct that may be basis for equitable tolling); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir.2003) (concluding attorney's misconduct in failing to file habeas petition and refusing to return client file constitutes egregious misconduct that may justify equitable tolling); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) (concluding egregious misconduct on the part of petitioner's counsel, including failure to file § 2255 petition as requested by client, failure to conduct research on client's case, and failure to communicate with client, may justify equitable tolling); *Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir.2003) (acknowledging that an attorney's affirmative lies to petitioner may be grounds for equitable tolling); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (same). The cases finding an extraordinary circumstance included more than counsel's failure to monitor the status of an appeal and notify his client. In the instant case, Petitioner has not alleged sufficient facts to warrant an evidentiary hearing on the equitable tolling issue as he does not allege he pursued his legal remedies with due diligence or that counsel's failures–which seemingly amount to no more than an oversight on counsel's part, albeit it one of substantial consequences–create an extraordinary circumstance in this case.

In the instant case, Petitioner has not demonstrated he exercised the level of diligence in investigating and bringing his claims that is required for a finding of equitable tolling. Although the Supreme Court emphasized equitable tolling does not require "maximum feasible diligence," it does require "reasonable diligence." *Holland v. Florida*, 130 S.Ct. at 2565. To establish diligence, a petitioner must present evidence showing reasonable efforts to timely file his action as "[e]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989). In the instant case, Petitioner waited more than one year after counsel filed the application for permission to appeal before inquiring about the status of the application. Once counsel notified him the Tennessee Supreme Court denied his application to appeal (by correspondence dated September 21, 2010), he waited more than two months to file the instant habeas petition. Consequently, Petitioner has not demonstrated he exercised reasonable diligence as he could have filed a timely federal habeas petition had he acted with reasonable diligence in inquiring about the status of his case earlier.

Because Petitioner has not proven the extraordinary circumstance necessary to equitably toll the AEDPA's statute of limitations as he has not demonstrated the cause of his delay was both beyond his control and avoidable even with diligence, he has not proven any valid reason to apply equitable tolling of the federal habeas statute of limitation. Accordingly, it is hereby **ORDERED** that

6

Respondent's motion to dismiss will be **GRANTED** (Court File No.8) and Petitioner's § 2254 habeas corpus petition will be **DISMISSED** (Court File No. 1) as time-barred.

An appropriate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**